### FLEMING *vs.* HILL.

1. " Where the agency is known and the credit is not expressly given to the agent, he is not personally responsible upon the contract." Code, §2211. The question is, " To whom was the credit knowingly given, according to the understanding of both parties?" Story's Agency, §288.
2. The action being upon an account for goods sold and delivered, and the court having charged the jury that, " The question is, to whom was the credit originally given? If the credit was given to the defendant, he is liable, but if the credit was given to Morgan & Printup," (the persons to whom, at the defendant's request, the goods were sent by the plaintiff, and to whom, at the like request, they were charged on his books), then he is not liable;" and the defendant's counsel, at the conclusion of the charge, having orally requested the court to add, " That. the giving credit, in order to be binding on defendant, must appear to have been given under the agreement of the parties, and that plaintiff's so giving credit, unless done by the consent or agreement of defendant, would not bind defendant :"

*Held*, under the evidence in the record, that the addition was proper; and that it was not duly put before the jury by remarking to them that that was a question of evidence for them, " meaning thereby the evidence under the law just given them in charge as controlling the case. and which, with what had been charged, and the colloquy between counsel and court in the hearing of the jury, the jury understood."

JACKSON, Justice, dissented.

Principal and agent. Charge of Court. Before Judge CLARK. City Court of Atlanta. June Term, 1878.

Hill brought complaint against Fleming on an account

for liquors sold, amounting to $410.50. The defendant pleaded the general issue. The evidence for the plaintiff made, in brief, the following case :

Defendant came into plaintiff's store and said that he had an order for liquors from Morgan & Printup, and that they were perfectly good ; that he wanted to see who would let him make the most out of the goods sold. Plaintiff replied that he would allow him one-half of the profits, and that the profits would amount to $42.00. Defendant said that plaintiff must have nothing to do with Morgan & Printup in collecting the bill ; that he wished to control further orders from them and would collect it himself. To this plaintiff agreed. He did not know M. & P. The liquors were charged on the books of plaintiff to M. & P., and not to Fleming. This was done under the direction of the latter, because he had no revenue license to sell liquors. The goods were shipped by plaintiff to M. & P., and a bill therefor sent to them. This was also under instructions from defendant. Plaintiff never attempted in any way to collect the bill from M. & P.

The evidence for the defendant did not materially vary the case as above made. It disclosed that he was traveling agent for a tobacco house in Atlanta, and had been to Dearing where M. & P. were engaged in business, and would be going there again ; that he could thus easily attend to the collection of the bill, which was due at ninety days ; that at the time of the sale M. & P. were considered by defendant as perfectly good, but they failed before the ninety days expired. That defendant never bought the liquors from plaintiff, but simply gave him the order of M. & P., for which he was to be allowed one-half the profits ; that he never undertook to pay for the same, nor authorized plaintiff to look to him for payment ; that half the profits on the bill would be about $45.00, though plaintiff told him that the profits would be $42.00.

The jury found for the plaintiff. The defendant moved for a new trial, among other grounds, because the court

erred in charging and failing to charge as stated in the second head-note. The motion was overruled and defendant excepted.

E. N. Broyles, for plaintiff in error, cited 25 *Ga.*, 184; 30 *Ib.*, 721.

Hopkins & Glenn, for defendant, cited 3d Parsons on Con., p. 20; DeColyar on Guaranty, pp. 115, 122, 124, 125, 128; 57 *Ga.*, 450.

Bleckley, Justice.

1. There is no doubt that Fleming dealt as an agent, and that he disclosed his principals. He is not sued as guarantor, but as the sole original debtor. The effort is to charge him with the price of goods alleged to have been sold and delivered to him. If the credit was given to him by the choice of the seller, the latter could not afterwards resort to his principals for payment. Code, §2198. On the other hand, the agency being known, if the credit was not expressly given to Fleming he is not personally responsible upon the contract. *Ib.*, §2211. "The question is, to whom was the credit knowingly given, according to the understanding of both parties?" Story's Agency, §288. This question is one of fact to be decided by the jury under the circumstances of each case. Code, §2211. I shall not discuss the evidence further than is necessary to show that a verdict for Hill, the plaintiff below, is not sequent to the facts with that indubitable certainty which heals an erroneous charge of the court, or an erroneous omission to charge fully and correctly, upon the law. The transaction generated a debt against Morgan & Printup, to either Hill or Fleming, for the price of the goods. It generated a debt in favor of Hill, either from Morgan & Printup for the full price, or from Fleming for the price less one-half of the profits. If the relation of debtor and creditor was established between Morgan & Printup and Hill, then Morgan & Printup owed

Hill the full price, and he·owed Fleming one-half of the profits, to be retained by the latter out of the price when collected from Morgan & Printup. If, on the other hand, the relation was not established between this firm and Hill, then, in addition to the firm becoming a debtor and Hill a creditor, Fleming also became both debtor and creditor; debtor to Hill for the price less half of the profits, and creditor to Morgan & Printup for the price in full. In this last case, the goods were in effect sold twice, first by Hill to Fleming at a discount of one-half of the profits, and secondly by Fleming to Morgan & Printup at full price. Now, according to Hill's testimony, there was a strong reason for intending that the sale should be directly from Hill to Morgan & Printup, for Fleming had no revenue license, and, therefore, while he might buy from Hill or any one else, he could not sell after he had bought. He represented Morgan & Printup as perfectly good, and directed that the goods be charged to them on Hill's books, which was done. He also directed that the goods be shipped, and a bill therefor be sent to Morgan & Printup, and both these things were likewise done. On the books of Hill and in the bill of parcels, Hill appeared to be the creditor of Morgan & Printup, and they, so far as is shown, made no objection to the relation. It is not intimated in the evidence that they ever knew any one else as their creditor in the transaction, or that they had any notice that Fleming, their mere agent, had assumed, or was expected to assume, an antagonistic relation towards them. It was intended that Fleming should collect the bill, and he told Hill that he (Hill) must have nothing to do with Morgan & Printup in collecting it; that he wished to control future orders from them, and would collect it himself. But it is not apparent that the bill spoken of was any other than the one in favor of Hill against them—the one that stood on his books, and the substance of which had been sent as a bill of parcels. If the collection had taken place, it is difficult to see why the money, except an amount equal to one-half the profits,

would not have been Hill's money. The undertaking to collect seems quite consistent with the assumption of an agency in behalf of Hill; and even if it was attended with a guaranty that the effort to collect should be effectual, this would not convert Fleming into an original debtor in place of Morgan & Printup. I have said enough to show that the evidence was not such as to constrain the verdict which was rendered, and in this view the chief justice concurs. In my individual opinion, the decided weight of the evidence, regarded from a correct legal stand-point, is against the verdict; for it establishes that the relation of debtor and creditor arose between Morgan & Printup and Hill, and still exists. My mind finds it impossible to doubt that Hill could recover against them if he were to sue them on the account; and if he could, he cannot recover against Fleming in this action.

2. The Code says that to render the agent liable, the credit must be expressly given to him; and Story says that the question is, to whom was the credit given, according to the understanding of both parties? In charging the jury, the court neither used the word "expressly," nor any equivalent language, nor did it refer in clear terms to the understanding of both parties. The amplification requested orally by Fleming's counsel, would have supplied the omission, and ought to have been incorporated into the charge, if not in the words of the request, in some proposition of substantially the like import. The jury may have understood that Hill's mental state, as he was the person who "gave credit," was of more importance than Fleming's, and may not have felt due concern touching a concurrence of the two wills. The caution suggested by counsel was a proper one, and though suggested orally should have been accepted as a correction of the incomplete phraseology which the court had used. Being offered for this corrective purpose, it was not within the rule requiring a request to be in writing, or at all events, as the court did not require it to be reduced to writing, the benefit of it should not be lost either there or

here. The court responded to the request, not by objecting that it was oval, or by saying, I give it or decline to give it in charge, or that it is the law or not the law, nor by adopting it in thought or language and repeating it to the jury, but by the remark to the jury that that was a question of evidence for them. In à note correcting the motion for a new trial, the court explains in the words quoted at the end of the second head-note to this opinion ; but the explanation does not affirm that he gave the request in charge, and his omission to do that after having charged in an incomplete way, is the matter complained of. The propositions which the request embodied are law, and were for the court, and the court should have expressly recognized the substance of them, instead of making a mere reference to the evidence. The colloquy with counsel, referred to in the note, is not repeated, and we consequently cannot tell whether that elucidated the court's meaning, as the court supposes it did, or not. It is certainly not well to depend upon colloquy, where direct and explicit address to the jury is the appropriate method of communication. For my own part, I am unable to ascertain to my own satisfaction, even with the assistance of the note, whether the court meant to treat the request as sound naked law, or merely as meddling with matter of fact and thus encroaching upon the province of the jury.

A majority of this court think there ought to be another trial, and so rule.

Judgment reversed.

WARNER, Chief Justice, concurred, but furnished no written opinion.

JACKSON, Justice, dissenting.

The only question is to whom was the credit given, and that question was submitted to the jury by the court, substantially and fairly, I think. The judge must have meant to whom was it given by the contract, and the jury un-

doubtedly so understood it. The evidence of the plaintiff and the clerk, are that it was given to the defendant, and the defendant's evidence was the other way; the jury settled that question of fact, and I do not think their finding and its approval by the judge trying the case, should be disturbed by this court under its repeated rulings.