## FAW *vs.* MEALS.

1. Where an instrument is free from ambiguity, the construction thereof is solely for the court.
2. The following obligation creates an individual liability on the part of the maker: "Received of Mrs. Julia B. Meals, by the hands of Mrs. Mary W. Phillips, $900.00, which said sum of money I obligate myself to use in running capital of the Marietta mill, and keep the same in money, stock, material and paper, not subject to the debts of the mill. I further obligate myself to pay Mrs. Meals twelve and one-half per cent. interest on the same, payable monthly. I further obligate myself and promise to pay Mrs. Meals as much as $500.00 of the principal sum on or before May 1st next, if called upon, the remainder due and payable twelve months after date, at which said time and date I promise to pay Mrs. Meals, or bearer, whatever of said principal sum and interest which may be due and unpaid. (Signed) E. FAW, "Agent of the Marietta Paper Mill Company."

Contracts. Construction. Before Judge LESTER. Cobb Superior Court. March Term, 1880.

Reported in the opinion.

D. & T. B. IRWIN; F. A. & R. C. IRWIN, for plaintiff in error.

W. T. & W. J. WINN, by A. C. KING, for defendant.

HAWKINS, Justice.

On the twenty-first day of January, 1869, the plaintiff in error executed the following instrument:

"MARIETTA, GA., January 21st, 1869.

"Received of Mrs. Julia B. Meals, by the hands of Mrs. Mary W. Phillips, nine hundred dollars, which said sum of money *I obligate myself* to use in running capital of the Marietta mill, and keep the same in money, stock, material or paper, not subject to the debts of the mill I further obligate myself to pay Mrs. Meals twelve per cent. interest on the same, payable monthly. *I further obligate myself and promise* to pay her as much as five hundred dollars of the principal sum on or before the first day of May next, if called upon, the remainder due and payable twelve months after date, at which time and date I promise to pay Mrs. Meals, or bearer, whatever of said principal sum and interest which may be due and unpaid.        (Signed)        E. FAW,

"Agent for the Marietta Paper Mill Company."

Mrs. Meals brought suit on said paper in Cobb superior court on the twenty-third day of February, 1876, to which the said Faw filed his plea of the general issue, and that he received the money not in his individual capacity, but as the agent of the Marietta Paper Mill Company; that the money received was expended for the sole benefit of said company, and not a dollar of it was used for his own purposes; that he continued as such agent until some time in the year 1873, when he was discontinued the agency, and one Edmonson was appointed his successor; that during the whole time he was agent there were assets of the company sufficient to pay Mrs. Meals; that during his agency he made various payments on said obligation out of the funds of said company, and after Edmonson's appointment he made payments thereof at the solicitation of Mrs. Meals.

In support of the plea, it was proven that the company was much embarrassed and needed money, when General Phillips, who owned and controlled a majority of the stock of the company, and with whom Mrs. Meals was boarding, advised Faw, the agent of the company, that he could get

nine hundred dollars from Mrs. Meals by signing the contract sued on. Faw obtained the money, on signing the paper, by the hands of Mrs. Phillips, the wife of General Phillips.

It also appeared in evidence that Mrs. Meals stated to Edmonson, after his appointment, that if she could get $400.00, she would let the balance go over and reduce the rate of interest to ten per cent.

1. The court was called on by counsel on both sides to construe the instrument sued on, and in the presence and hearing of the jury, decided that the said Faw was individually liable on the contract, and that is the first assignment of error. The paper being free from ambiguity, we are of opinion that the construction thereof was solely for the court, and his so deciding in the presence of the jury was legal and proper. It was the duty of the court to construe the paper, and the legitimate result of construction was that it was an individual undertaking of the plaintiff in error.

2. The well settled rule of law seems to be, that whatever form or words may be employed, the intention of the parties must be the key to its determination. Whether he signed the company name *by himself*, or signed *as* agent of the company, or signed Faw, agent of the company ; whether he employed the means received to his own or the use of the company, are illustrative, but not material to solve the issue. If he intended and did make a contract to personally bind himself—then the individual liability was complete, whether he or the company received the benefit of the loan.

The contract was that he received the money, to-wit the sum of nine hundred dollars, which said sum of nine hundred dollars he obligated himself to use in running capital of the company, and to keep the same in money, stock material, etc., not subject to the debts of the company He further obligated himself to pay Mrs. Meals twelve per cent. interest per annum on the same, payable *monthly.*

He further obligated himself and promised to pay her as much as five hundred dollars of the principal on or before the first day of May next, if called upon ; the remainder due and payable twelve months after date, at which time and date he promised to pay Mrs. Meals or bearer the balance.

The company being then involved, it is very apparent that Mrs. Meals put her money in the hands of the defendant, Faw, as her debtor and trustee. His obligation was personal, and whether the company would be liable to her in equity, or liable even to Faw, he, by the unambiguous terms of the contract, is liable to pay Mrs. Meals the money sued for.

Let the judgment of the court below be affirmed.