## BEDELL *vs.* SCARLETT.

Where one drew a negotiable bill of exchange, adding after his signature the letters " agt.," and the bill was endorsed in blank by the payee, and it went into the possession of a third party, who demanded payment of the drawees, and upon its refusal brought suit against the drawer individually, it was not competent to set up, by way of defence, and show by parol, that, in the transaction out of which the paper grew, the defendant acted as the purchasing agent of the drawees and delivered to them the timber bought on their account, for which the bill was drawn, and that these facts were known to both the payee and the plaintiff, who held under the indorsement, and that the bill was accepted and received by each of them with the understanding that the drawees were to pay it, and that the drawer was not to be held liable thereon.

(a.) Section 2211 of the Code, which provides that, where the agency is known, and the credit is not expressly given to the agent, he is not personally responsible upon the contract, does not control a case like this, where a negotiable paper, complete on its face, appears to have been negotiated in the fair and usual course of trade; nor, on such a paper as this, is the question to whom credit was given, one of fact to be decided by the jury.

(b.) The fact that a blank indorsement may always be explained between the parties themselves, that is, between the indorser and indorsee or those taking with notice of dishonor or of the actual facts of such indorsement, does not sustain the defence set up in this case.

(c.) Where no time for the payment of a bill is specified, it is not due until presented and accepted. The holder of such paper is presumed to be such *bona fide* and for value; and while either fact may be negatived by proof and the maker may thus be let in to his defences, yet it would seem that, in order to overcome this presumption, something like fraud in the procurement of the paper should be shown. A *bona fide* holder of a negotiable paper, who becomes such before it is due and without notice of any defect, is protected from all defences, except a plea of *non est factum* gambling, illegal or immoral consideration, or fraud in its procurement.

(d.) This case differs from that of *Fleming vs. Hill*, 62 *Ga.*, 751, which was an action on an account.

January 26, 1886.

Drafts. Negotiable Instruments. Indorsement. Principal and Agent. Evidence. Before Judge MERSHON. Camden Superior Court. April Term, 1885.

Scarlett sued Bedell, as maker, and Miller, as indorser, on the following drafts:

"$171.67. OWENS FERRY, GA., December 21, 1882.

"Pay to the order of J. W. Miller one hundred and seventy-one $\frac{67}{100}$ dollars, value received, and charge the same to account of

J. K. BEDELL, Ag't.

To Messrs. Fox & Burns, St. Marys, Ga.

(Indorsed) J. W. Miller."

The other draft sued on was for $72.37, in all other respects, similar to the above.

Bedell pleaded the general issue, and a special plea, as follows:

"The drafts were given in payment of timber purchased by this defendant from J. W. Miller as the agent of Fox & Burns; that said timber was purchased for Fox & Burns, and for their use, and was delivered to them by J. W. Miller; that defendant was only the purchasing agent of Fox & Burns and had no interest in said timber, which fact was well known to and understood by both J. W. Miller and F. M. Scarlett; and the said drafts were made by defendant and received by Miller with full understanding that defendant was only the agent of Fox & Burns, and said draft was accepted and received by F. M. Scarlett and J. W. Miller with full notice and with the knowledge and understanding that they took and received said drafts on the faith of payment by Fox & Burns, and that they alone, and not this defendant, were liable thereon, and that defendant was only the agent of Fox & Burns and would not be liable for payment."

Plaintiff introduced original drafts. Defendant admitted presentation and refusal to pay, and plaintiff closed.

Defendant offered to sustain his plea by his parol testimony, which, being objected to, was excluded.

The verdict was in favor of plaintiff, and defendant moved for a new trial, on the following grounds:

(1.) Because the court refused to allow defendant to introduce parol evidence to support his plea as agent for Fox & Burns.

(2) and (3.) Because the verdict is contrary to law and evidence.

This motion was overruled, and defendant excepted.

J. C. McDonald; John C. Nicholls; S. W. Hitch, by Harrison & Peeples, for plaintiff in error, cited Code, §2211; 62 *Ga.*, 751; Story Ag., §228.

Spencer R. Atkinson, for defendant, cited 1 Dan. Neg. Inst., §§300, 305; Story Ag., §155; 56 *Ga.*, 258; 70 *Id.*, 595; 14 *Id.*, 124; 29 *Id.*, 709; 1 *Id.*, 429; 8 Mees. & Welsb., 834; 9 Am. Rep., 156; 8 *Id.*, 409; 46 *Id.*, 421; 5 Wall., 189; 11 Mass., 27; Story Ag., §§269, 270; Wood Mast. and Serv., 324, 325; 34 *Ga.*, 355; 36 *Id.*, 454; 65 *Id.*, 711; Story Ag., §§279, 288; 62 *Ga.*, 751; Story Ag., §§302, 303, 304; Code, §2212; 2 *Ga.*, 214; 17 *Id.*, 620;

60 *Id.*, 387, 158; 52 *Id.*, 448, 570; 67 *Id.*, 595; 49 *Id.*, 599; 70 *Id.*, 152; 47 *Id.*, 470; Cobb's Dig., p. 593.

HALL, Justice.

The defendant, signing himself " agt.," drew the bill of exchange on which this suit is brought, on Fox & Burns, payable to the order of J. W. Miller, and by him indorsed in blank. It was admitted on the trial that it was presented for payment, which was refused by the drawees, Messrs. Fox & Burns. The special defence set up was that defendant, in the transaction out of which this paper grew, acted as the purchasing agent of the drawees, and delivered to them the timber bought on their account and for which the bill was drawn, and that these facts were well known both to the payee and the plaintiff, who held the bill under the indorsement, and that it was accepted and received by each of them with the understanding that Fox & Burns were to pay the same and that defendant was not to be held liable thereon.

An attempt was made to establish this defence by verbal evidence, but the offer was rejected by the court, and the plaintiff had a verdict. Besides the usual grounds, a motion was made for a new trial, on account of the rejection of this evidence, which was refused, and the judgment overruling this motion is the error complained of.

It is hardly necessary to remark that, without such evidence as that offered and rejected, no other verdict than that returned could have been found. The case turns, therefore, upon the propriety of repelling the proof offered

We cannot agree with counsel for the plaintiff in error that this case is controlled by Code, §2211, which provides that, where the agency is known and the credit is not expressly given to the agent, he is not personally responsible upon the contract, or that, on such a paper as this, the question, to whom the credit is given, is one of fact that must be decided by the jury. The plea does not allege that the

draft was directly indorsed by the payee to the plaintiff, nor does it show that he obtained title to it in any other way; there is nothing to negative the presumption that he obtained it in the fair, usual course of trade, before it was presented and dishonored by the refusal of the drawees to pay it. Parol evidence is inadmissible to add to, vary or take from a written contract. This is on its face regular commercial paper, evidently intended to be negotiated, and so drawn as to be put in circulation by the indorsement of the payee; if such had not been the intention of the parties, no words of negotiability would have appeared on its face. To allow its whole character and its entire legal import to be changed by the evidence offered, would be effectually to contradict it and to discredit and prevent its circulation, contrary to the expressed intention of the drawer and payee; the precedent would be of most dangerous consequence to negotiable paper. The general rule is as we have stated it, and this case falls within none of the exceptions, so far as we are able to understand. There is no ambiguity in the instrument; it is not imperfect, but, so far as it appears, embodies the entire contract, and the fact that the indorsement of negotiable paper being in blank may always be explained as between the parties themselves, that is, as between indorser and indorsee or those taking with notice of dishonor or of the actual facts of such indorsement (Code, §§3800, 3801, 3803, 3808), do not seem to us to sustain the defence set up in this case, or to apply either positively or impliedly. An opposite conclusion would conflict directly with other provisions of the Code.

When, as here, no time is specified for the payment of a bill, it is not due until presented and accepted (§2791). The holder of such paper is presumed to be such *bona fide* and for value; and while either fact may be negatived by proof and the maker may be thus let into his defences; yet it would seem that, in order to overcome this presumption, something like fraud in the procurement of the paper

should be shown (§2787). The *bona fide* holder of nego-
tiable paper, who becomes such before it is due and with-
out notice of any defect, is protected from all defences,
except, 1st., a plea of *non est factum*; 2d, gambling, ille-
gal or immoral consideration ; 3d, fraud in its procure-
ment. Code, §2785, *Faw vs. Meals*, 65 *Ga.*, 711 ; *Williams
vs. Waters*, 36 *Ga.*, 454, and others cited upon the brief
of counsel for defendant in error from our own reports,
together with 8 Mees. & Wels., 834, sustain the action of
the judge of the superior court.

The case of *Fleming vs. Hill*, 62 *Ga.*, 751, relied on by
the opposite party, is not in point; it was an action on ac-
count, and involves none of the material questions in the
present case.

Judgment affirmed.

---

Coleman, sheriff, *et al. vs.* Slade & Etheridge.

1. When a case is tried on special issues of fact submitted by the
court to the jury, it is his duty to submit such issues as will enable
him to make a judgment or decree in the case from the verdict and
pleadings and the undisputed facts ; but he need not sift the jury or
enter into particulars ; nor need he submit issues requested by
counsel, if he has already propounded questions which will draw
the same substantial answers from the jury.
2. While there may be some conflicting evidence, yet there being suf-
ficient evidence to sustain the finding of the jury, and the presid-
ing judge having approved it, this court will not interfere.
3. That the decree does not follow the verdict, and has no evidence
to support it, or is contrary to the weight of evidence, or is con-
trary to law, is neither of them cause for a new trial before the
jury. They all go to motions or exceptions concerning the decree ;
none of them to error in the verdict or cause to set it aside.
4. Where there is a contest over money arising from a sheriff's sale of
land, and the plaintiffs in the *fi. fa.* under which the sale took place
claim the fund, on the ground that they sold the land to the de-
fendant, gave a bond for title, and upon recovering judgment for the
purchase money, made, filed and recorded a deed and caused a levy
thereon, under Code, §3654, these facts should be shown ; but they
may be shown *aliunde*, and it is not necessary that they should
be set out on the face of the judgment, pleadings or note sued on,