Hall, Justice.
The defendant, signing himself “ agt.,” drew the bill of exchange on which this suit is brought, on Eox & Burns, payable to the order of J. W. Miller, and by him indorsed in blank. It was admitted on the trial that it was presented for payment, which was refused by the drawees, Messrs. Eox <fc Burns. The special defence set up was that defendant, in the transaction out of which this paper grew, acted as the purchasing agent of the drawees, and delivered to them the timber bought on their account and for which the bill was drawn, and that these facts were well known both to the payee and the plaintiff, who held the bill under the indorsement, and that it was accepted and received by each of them with the understanding that Eox & Burns were to pay the same and that defendant was not to be held liable thereon.
An attempt was made to establish this defence by verbal evidence, but the offer wTas rejected by the court, and the plaintiff had a verdict. Besides the usual grounds, a motion was made for a new trial, on account of the rejection of this evidence, which was refused, and the judgment overruling this motion is the error complained of.
It is hardly necessary to remark that, without such evidence as that offered and rejected, no other verdict than that returned could have been found. The case turns, therefore, upon the propriety of repelling the proof offered
¥e cannot agree with counsel for the plaintiff in error that this case is controlled by Code, §2211, which provides that, where the agency is known and the credit is not expressly given to the agent, he is not personally responsible upon the contract, or that, on such a paper as this, the question, to whom the credit is given, is one of fact that must be decided by the jury. The plea does not allege that the' *60 draft was directly indorsed by tbe payee to the plaintiff, nor does it show that he obtained title to it in any other way; there is nothing to negative the presumption that he obtained it in the fair, usual course of trade, before it was presented and dishonored by the refusal of the drawees to pay it. Parol evidence is inadmissible to add to, vary or take from a written contract. This is on its face regular commercial paper, evidently intended to be negotiated, and so drawn as to be put in circulation by the indorsement of the payee ; if such had not been the intention of the parties, no words of negotiability would have appeared on its face. To allow its whole character and its entire legal import to be changed by the evidence offered, would be effectually to contradict it and to discredit and prevent its circulation, contrary to the expressed intention of the drawer and payee; the precedent would be of most dangerous consequence to negotiable paper. The general rule is as we have stated it, and this case falls within none of the exceptions, so far as we are able to understand. There is no ambiguity in the instrument; it is not imperfect, but, so far as it appears, embodies the entire contract, and the fact that the indorsement of negotiable paper being in blank may always be explained as between the parties themselves, that is, as between indorser and indorsee or those taking with notice of dishonor or of the actual facts of such indorsement (Code, §§3800, 3801, 3803, 380S), do not seem to us to sustain the defence set up in this case, or to apply either positively or impliedly. An opposite conclusion would conflict directly with other provisions of the Code.
When, as here, no time is specified lor the payment of a bill, it is not due until presented and accepted (§2791). The holder of such paper is presumed to be such lana fide and for value; and while either fact may be negatived by proof and the maker may be thus let into his defences; yet it would seem that, in order to overcome this presumption, something like fraud in the procurement of the paper *61 should be shown (§2787). The bona fide holder of negotiable paper, who becomes such before it is due and without notice of any defect, is protected from all defences, except, 1st., a plea of non estfactum 2d, gambling, illegal or immoral consideration; 3d, fraud in its procurement. Code, §2785, Faw vs. Meals, 65 Ga., 711; Williams vs. Waters, 36 Ga., 454, and others cited upon the brief of counsel for defendant in error from our own reports, together with 8 Mees. & Weis., 834, sustain the action of the judge of the superior court.
The case of Fleming vs. Hill, 62 Ga., 751, relied on by the opposite party,is not in point; it was an action on account, and involves none of the material questions in the present case.
Judgment affirmed.