CENTRAL BANK OF ROCHESTER, Plaintiff, *v.* KATE GLEASON, Impleaded with NORTHWAY TRAILER CAR COMPANY, Defendants.

Fourth Department, June 29, 1923.

**Bills and notes — action by transferee on promissory note signed by corporation and by individual defendant, treasurer thereof — after dishonor transferor paid note — later transferor returned note to plaintiff with request to enforce payment — plaintiff is not holder in due course under Negotiable Instruments Law, § 91 — question of fact for jury whether payee accepted note as individual obligation of individual defendant and corporation or as obligation of corporation.**

In an action on a promissory note it appeared that the note, which was given in renewal of earlier notes executed by the corporation defendant, was signed by the corporation defendant with a rubber stamp, and that the individual defendant, who is treasurer of the corporation defendant, signed her name thereon below the signature of the corporation; that the note was transferred before maturity to a third person who in turn transferred it to the plaintiff; that when the note became due, payment was refused and it was protested for non-payment; that thereafter the plaintiff's immediate transferor paid the note and protest fees and received the note, but that a few days later it returned the note to the plaintiff with a request that the plaintiff enforce payment and hold the check of the transferor as security.

*Held*, that when the plaintiff accepted the note the second time, after it was due and after its dishonor, it did not take the note as a holder in due course under section 91 of the Negotiable Instruments Law, but took it subject to all infirmities as provided by section 97 of the Negotiable Instruments Law;

That the evidence presented a question of fact which should have been submitted to the jury, whether the payee when it accepted the note took it as an individual obligation of the individual defendant and the corporation of which she was an officer or merely as an obligation of the corporation defendant.

MOTION by the defendant, Kate Gleason, for a new trial upon a a case containing exceptions, ordered to be heard in the first instance in the Appellate Division, after a verdict in favor of the plaintiff rendered by direction of the court upon a trial at the Monroe Trial Term in September, 1922.

*George S. Van Schaick*, for the plaintiff.

*Willis A. Matson* [*Carlton F. Bown* with him on the brief], for the defendant Kate Gleason.

CLARK, J.:

This action is brought against the defendants upon a promissory note executed on the 3d day of November, 1921.

Defendant Kate Gleason answered and admitted that defendant Northway Trailer Car Company on said date made and delivered to the Rochester Forge, Inc., a promissory note, a copy of which

is set forth in the complaint; that said note was duly presented for payment and payment demanded, and that no part thereof had been paid. Said defendant denied that she had any knowledge or information sufficient to form a belief as to whether or not the Rochester Forge, Inc., before maturity, indorsed and delivered said note to the plaintiff.

As a distinct and separate defense, defendant Gleason in her answer alleged that at the time of the delivery of the note referred to in the complaint to the payee therein named, said payee had notice of the fact and knew that the words " Kate Gleason " were not placed on said note for the purpose of an agreement on the part of said Gleason to pay the same, or for the purpose of charging said defendant on said note; that said note was not complete and regular upon its face, and that at the time of the negotiation thereof plaintiff had notice that said note was not the note of defendant Gleason, or a note upon which she was liable.

The note in question is a renewal of earlier notes that had been given by the Northway Trailer Car Company to the Rochester Forge, Inc., the original indebtedness for which the note was given being the debt of said Northway Trailer Car Company.

The prior notes had all been executed by a rubber stamp signature of the company, with the name of the secretary written out in longhand on the line below the rubber stamp signature.

Defendant Kate Gleason is the treasurer of the Northway Trailer Car Company. Shortly before the note in question was given the trailer car company had asked the Rochester Forge, Inc., the payee named in the note, of which this one is a renewal, to renew the note, and the request was refused.

On the trial the president of the Rochester Forge, Inc., testified that Miss Vayo, secretary of the trailer car company, told him shortly before the present note was given, that defendant Gleason intended to take care of the accounts of the trailer car company. Miss Vayo, being called as a witness, testified that she had no recollection of that conversation, and defendant Gleason testified that she had never authorized any such statement.

Two days after this alleged conversation the Rochester Forge, Inc., received the present note signed by the trailer car company by rubber stamp as usual, but not by the secretary, the individual name of defendant Gleason appearing below the rubber stamp signature of the company.

There is nothing on the face of the note to indicate that Miss Gleason signed it as an official of the company, as she now claims, it appearing merely as her individual signature.

After the Rochester Forge, Inc., received this note, it was indorsed

over to the Burke Steel Company, whose president is also president of the Rochester Forge, Inc., and subsequently, and before its maturity, plaintiff discounted the note and became a holder in due course.    (Neg. Inst. Law, § 91.)

Under that section four elements are necessary in order to constitute a holder of a promissory note a holder in due course: 1. The instrument must be complete and regular on its face. 2. The holder must receive it before it is over due and without notice that it has been previously dishonored, if that is a fact. 3. It must have been taken in good faith and for value.    4. It must have been taken without notice of any infirmity in the instrument or defect in the title of the person negotiating it.

There was no fraud in connection with this transaction, and none is claimed.    When the note became due it was presented at the bank where it was made payable, and payment thereof demanded, which was refused, whereupon it was duly protested for non-payment and returned to this plaintiff.

Then the Burke Steel Company, from whom plaintiff had purchased the note, sent its check to plaintiff for the amount of the principal and interest of the note, together with protest fees, whereupon the instrument was returned to the Burke Steel Company, which had paid it.

Two or three days thereafter the Burke Steel Company returned the note to plaintiff with the request that payment be enforced against the makers, the check which had been sent to take up the note to be held by plaintiff in the meantime as collateral.

The note was never surrendered to the makers for they had not paid it.    But it was surrendered to the party that had paid it, and when it was returned to plaintiff after its dishonor, and after the Burke Steel Company had paid it, it came into the hands of plaintiff the second time, after it was due, and after its dishonor, and plaintiff was not a holder in due course, as defined by section 91 of the Negotiable Instruments Law.    (8 C. J. 476, 477.)

Under these circumstances plaintiff took the note the second time subject to all infirmities.    (Neg. Inst. Law, § 97.)

It is the claim of defendant Gleason that plaintiff is not a holder in due course, and that on the evidence a question of fact was presented as to whether or not her signature was intended to be her individual signature or as an officer of the company, and that after admitting the evidence with reference to the previous transactions between the makers and payee of the note, questions of fact were presented which should have been submitted to the jury, and that the case should not have been disposed of by a directed verdict.    (*Hoffstaedter* v. *Carlton Auto Supplies Co.,*

*Inc.,* 203 App. Div. 495; *Dunbar Box & Lumber Co.* v. *Martin,* 53 Misc. Rep. 312.)

This case having been disposed of by a directed verdict against defendant Gleason, she is entitled to the most favorable inferences to be drawn from the evidence. (*Higgins* v. *Eagleton,* 155 N. Y. 466; *Ladd* v. *Insurance Co.,* 147 id. 478.)

We think in view of the fact that plaintiff took the note the second time after its dishonor, and at the request of the corporation which had paid it that the bank enforce payment against the makers, and under the evidence which was admitted as to the manner in which former notes, of which the note in question was a renewal, had been signed, and of the alleged conversation between the president of the payee of the note and the secretary of the trailer car company with reference to its renewal, and that Miss Gleason intended to take care of the accounts of the trailer car company, the conflicting inferences which might be drawn from such evidence should have been submitted to the jury, for them to say on all the evidence and circumstances surrounding the signing of the note by defendant Gleason, whether the payee when it accepted the note took it as the individual obligation of Miss Gleason and the corporation of which she was an officer, or merely as the obligation of the Northway Trailer Car Company alone.

Defendant's exceptions should be sustained and a new trial granted, with costs to defendant to abide the event.

All concur.

Defendant's exceptions sustained and new trial granted, with costs to defendant to abide event.