**FIRST STATE BANK OF DENTON v. SMOOT–CURTIS CO. et al.**

No. 13824.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 28, 1938.

Rehearing Denied Dec. 2, 1938.

Geo. M. Hopkins and W. C. Boyd, both of Denton, for appellant.

Davis & Davis, of Denton, and Allen & Gambill, of Fort Worth, for appellees.

BROWN, Justice.

Appellee, Smoot-Curtis Company, a private corporation, was a going concern, prior to April 17th, 1936, and on such date owed appellant, First State Bank of Denton, a balance on an old indebtedness evidenced by a promissory note. The balance amounted to $2,960, and, on said date, a note was executed in renewal of such debt, the note being signed as follows:

"Smoot-Curtis Co.
"Homer S. Curtis."

Homer S. Curtis was the president of such corporation when the renewal note was issued.

Appellant Bank brought suit upon the note as against the corporation, and Homer S. Curtis, seeking to hold both defendants liable.

Homer S. Curtis answered by plea of non est factum; that the indebtedness was that of the corporation, and the note represented the balance due on an old debt owing by the corporation; that he executed the note for the corporation as president thereof, to bind the corporation; that at the time the note was so executed he, as such president, paid the then accrued interest by a check drawn upon the account of said corporation, which was signed by him in the identical manner in which the note was signed; that it was a mere matter of mutual mistake and oversight, induced by custom and practice, that the title of his office was not added to his name; that in view of the said custom and practice that had grown up between the parties in relation to signing notes and checks, the bank was estopped from attempting to construe the note so as to include the signature of Homer S. Curtis as his personal signature and obligation; that if the note were construed as showing his signature as one individually made, that such signature was without consideration moving to him.

Appellant Bank answered, alleging that Homer S. Curtis signed the note as a surety for the said corporation, and in consideration of the release by the bank of certain liens held by it on property owned by Homer S. Curtis and his mother; said liens being given to secure debts owing by Homer S. Curtis and his deceased father to the bank; that Homer S. Curtis executed the note in controversy individually because he was a large stockholder in the corporation and was interested in saving properties owned by it; that there was an equity in the Smoot-Curtis Building and Homer S. Curtis sold such building and refused to pay the note in question, and the sale of such property, owned by the corporation, estopped him from denying liability on the note.

Issue being joined and the cause tried to a jury on special issues submitted, the jury found, (1) that it was understood between Curtis and the president of the bank that Curtis was only signing the note as president of the corporation; (2) that Curtis intended to sign his name to the note only as such president; (3) that Curtis at the time reasonably believed that the bank accepted the note as the obligation of the corporation; (4) that the bank did not release liens against property owned by Curtis' mother with the understanding that such release would be a consideration for Curtis to sign the note individually; (5) that Curtis did not sign the note individually in consideration of the release of liens existing against his mother's property; (6) that Curtis did not sign the note in his individual capacity; (7) that Curtis did not intend to bind himself individually on the note; (8) that the president of the bank (with whom Curtis dealt) understood that Curtis signed the note as president of the corporation and not individually; (9) that the manner in which the note was signed was the usual and customary way in which Curtis signed the obligations of the corporation when dealing with the bank.

The corporation did not contest the suit, and on the verdict the trial court rendered judgment for the bank against the corporation, but found for Homer S. Curtis.

The bank has appealed because of insufficient relief.

We find fifteen assignments of error in appellant's brief.

The first complains of the trial court permitting appellee, Curtis, to prove that the note sued upon had been charged

off and was not being carried among the current assets of the bank.

This is not an accurate statement of the matter. Appellee was permitted to show that the old note owned by the corporation had been charged off and was not carried among the current assets of the bank, and that the note in question, which was a renewal of the old note, was likewise carried among the charged off accounts.

We see no error in the trial court's ruling. The fact that the very note in question was carried as a "charged off" account, just as the corporation's note, of which it was a renewal, was carried, was a circumstance tending to show that the bank considered and took the renewal note as the corporation's debt and not as a personal obligation of appellee, Curtis. This is made more forceful by the fact that it was established that the bank considered the corporation's obligation uncollectible, but considered Curtis' obligation collectible.

The second complains of the admission of a number of checks drawn upon the corporation's account, which were signed in the same manner in which the note in question was signed.

■ The record discloses that appellant put Curtis on the witness stand as the first witness and undertook to prove by him that the note was executed and that Curtis paid interest on the old note at the time. Curtis testified that the corporation paid such interest and payment was made by a check drawn on its account at the bank. Certainly this check was admissible in evidence, and it shows to have been signed exactly as was the note in question.

■ Assuredly, the remaining checks, similarly signed, were admissible as tending to prove the custom pleaded by Curtis and followed by the parties in the dealings between the bank and the corporation.

■ The third complains of the trial court refusing to instruct the jury peremptorily in favor of the bank.

There being ample evidence to support the defenses raised by Curtis' pleadings, this was not error.

For the same reason the fourth assignment of error asserting that the trial court erred in not rendering judgment against Curtis is not well taken.

■ There is no merit in the fifth assignment of error, predicated on the theory that the trial court erred in not submitting to the jury an issue inquiring whether or not the debt was due when Curtis executed the note.

This fact was undisputed, and there was no issue presented for the jury.

Likewise, the sixth assignment is without merit; it is undisputed that the debt was extended by the new note.

■ The seventh complains of the giving of Issue No. 1, which required the jury to find whether or not, at the time Curtis signed the note, it was understood by and between Curtis and the president of the bank that Curtis was signing the note only as president of the corporation. The manner in which the note was signed clearly presents an ambiguity which calls for explanation.

If the corporation is to be held, it must be shown that the obligation is that of the corporation, and, to do this, it must be established that the note was executed by someone authorized to act for the corporation. The fact that the corporation did not resist the suit does not relieve the note of its ambiguity, insofar as Curtis is concerned.

Furthermore, we hold that the signatures, under the circumstances and facts, present an ambiguity, insofar as Curtis' signature is concerned.

No one having signed the note as an official of the corporation, showing an intent to act for and bind the corporation, and Curtis' name appearing on the note, just under the corporation's name, the inquiry is presented—who is Homer S. Curtis and how and why does his name appear on the note?

This ambiguity might not have been apparent had the note been signed "Smoot-Curtis Co., by John Doe, President," or by some other officer of the corporation, with power to act for it, and then, under such signatures, the name of Homer S. Curtis had appeared. But we hold that the ambiguity is apparent, and, under 17 Tex. Jur., par. 392, page 864 et seq., and authorities cited, the evidence explaining the ambiguity was admissible and the giving of the charge was not error. See, also, Dunbar Box & Lumber Co. v. Martin, 53 Misc. 312, 103 N.Y.S. 91; Central Bank v. Gleason, 206 App.Div. 28, 200 N.Y.S. 384; Hoffstaedter v. Lichtenstein, 203 App.Div. 494, 196 N.Y.S. 577; H. & K. Costume Co. v. Maison Bernard Importing Co., 114

Misc. 553, 187 N.Y.S. 106; Belmont Dairy Co., Inc., v. Thrasher, 124 Md. 320, 92 A. 766; Austin, Nichols & Co. v. Gross, 98 Conn. 782, 120 A. 596; Farmers' & Merchants' Nat. Bank v. Hoyt, 29 Okl. 772, 120 P. 264.

Curtis also defended on the thory that there was no consideration for his personally signing the note, and he had the right to show why and in what manner he did sign it. The bank was insisting that he did sign for a valuable consideration.

See McFarland v. Shaw, Tex.Com.App., 45 S.W.2d 193, opinion by Sharp.

In the case cited, Mr. Justice Sharp said [page 195]: "When the issue of fraud, surety, ambiguity, or want of consideration is raised, as between the original parties and those standing in the shoes of such parties or against those taking with notice, parol testimony is admissible to show the true facts."

■ Furthermore, the record discloses that appellant requested the submission of the identical issue and the requested issue was refused, obviously, because it was already incorporated in the court's charge. There could not be, under these facts, any error in giving the charge, and the only error available to appellant would be that the evidence does not support the finding made by the jury, on the issue. No such complaint is raised here.

For the reasons stated, we find no merit in the eighth and tenth assignments.

■ There is no merit in the eleventh assignment, which complains of the trial court submitting an issue inquiring whether or not the bank released certain liens against property owned by the mother of Homer S. Curtis, with the understanding that such release was a consideration for Homer S. Curtis signing the note personally.

The bank specifically raised this issue in its pleadings; evidence was introduced on the issue, and it was a pertinent issue. The burden of proof was correctly placed on the bank as to the establishment of the issue.

The twelfth assignment is overruled for like reasons; and we overrule likewise the thirteenth, fourteenth and fifteenth assignments.

■ The sixteenth assignment complains of the submission of issue No. 9, inquiring whether or not the note was signed in the usual and customary manner in which Curtis signed the obligations of the corporation when dealing with the bank.

The issue was clearly raised by the pleadings and there was ample evidence to support it. There is no merit in the further contentions found in this multifarious assignment of error, which are: "that the burden of proof is wrongfully placed on the bank, and the issue is on the weight of the evidence, and was calculated to lead the jury to believe that the signing of checks would be similar to signing the notes and that a check would have the same binding effect as a note."

Finding no reversible error, the judgment of the trial court is affirmed.