Steuer, J.
The salient facts as found are: Air-tite Products Corporation sold to defendant 40 gallons of a product manufactured by it and designed to make tires puncture proof. The product was unsuitable for the purpose because it coagulated in the tires making it difficult to ride on the tire after it was treated. Defendant signed three trade acceptances totaling $528 in payment. These acceptances were endorsed over to plaintiff.
The endorsement as made was pursuant to a contract between plaintiff and Air-tite Products Corportion by which the former agreed to act as factor for the latter and to provide financing. As far as material their contract provided for the delivery of trade acceptances and payment therefor of a portion of their face value on delivery and another portion 90 days after the signers paid the acceptances. The balance constituted plaintiff’s profit. The agreement further provided that in the event the acceptances were dishonored by the maker plaintiff could return them and would receive either new acceptances or its money back. The acceptances in suit were dishonored. Plaintiff returned them to Air-tite and received a credit as provided in the contract. Just how they came back into plaintiff’s possession does not appear.
In any event, plaintiff is not a holder for value without notice of any defect. (Central Bank of Rochester v. Gleason, 206 App. Div. 28.) It is at best an assignee of Air-tite and subject to any defense good against it. Defendant established that it was ready and willing to return the merchandise except so much as was used for testing. This plus its unsuitability for the purpose intended would constitute a defense.
Furthermore, the nature of the transaction between Air-tite and plaintiff shows that there was not an unconditional sale of the acceptances. Plaintiff calls the transaction ‘‘ a sale with recourse.” Every sale of a negotiable instrument is with recourse unless otherwise specifically noted. Yet in every sale there is no right in the purchaser to require a new security. It would appear that the practice of the parties here amounted in fact to a loan on the strength of acceptances (not necessarily those conveyed) rather than a purchase of any specific acceptances and this practice being habitual, as evidenced by the contract, is a violation of the Banking Law. Collection of the instruments by the holder acting in violation of that law is prohibited. (Banking Law, § 131; see Meserole Securities Co. v. Cosman, 253 N. Y. 130, 140.)
Judgment is for defendant.