(53 Misc. Rep. 312)

## DUNBAR BOX & LUMBER CO. v. MARTIN.

(Supreme Court, Appellate Term.  March 14, 1907.)

1. EVIDENCE—PAROL EVIDENCE—EXPLAINING AMBIGUOUS WRITINGS.

   A note reading, "We promise to pay," etc., signed by the president of a certain company in the space intended to hold an officer's signature below such company's stamp, was given to a party having no account with such president personally, but only with his company.  *Held*, that the note was ambiguous, and it did not absolutely appear therefrom to be the personal note of the signer, and hence evidence showing that the note was the company's note, and accepted as such by the payee, was admissible.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2109–2114.]

2. BILLS AND NOTES—ACTIONS—EVIDENCE.

   Where a note was ambiguous, it not appearing absolutely therefrom that it was the personal note of the signer, who was president of a certain company, a memorandum showing that the payee regarded the note as a note of the company alone, and was looking forward to retiring the note and taking a new note of the company, upon which its president would be personally liable as indorser, was admissible.

3. CORPORATIONS—OFFICERS—ADMISSIONS AND DECLARATIONS—CONCLUSIVENESS ON COMPANY.

   Declarations and admissions in a memorandum made by the president of a company, which was the payee in a note, showing that it regarded such note as the note of another company, and not as the personal note of such company's president, were binding on the payee company.

Appeal from the City Court of New York, Trial Term.

Action by the Dunbar Box & Lumber Company against Julia D. Martin, as executrix of the last will and testament of John L. Martin, deceased.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

A. Leo Everett, for appellant.

Henry Hogeboom, for respondent.

DAVIS, J.  This is an appeal from a judgment of the City Court, entered upon a verdict directed by the court, and from an order denying defendant's motion to set the verdict aside and for a new trial.  The action was brought by plaintiff as payee of a promissory note.  The note reads as follows:

"$1,750.                                    New York, April 27, 1906.

"On July 2d after date we promise to pay to the order of Dunbar Box & Lumber Company seventeen hundred and fifty 00/100 dollars at Phenix National Bank, 49 Wall street.  Value received.

"Varick Contracting Company.
                                    "John L. Martin.

"No. ———.  Due July 2, 1906."

The defendant is sued as executrix of John L. Martin. Verdict was directed for the plaintiff on the theory that the note was unambiguous and on its face the individual note of John L. Martin. The defendant claimed that the note was either the note of the Varick Contracting Company alone or, if not that, the joint, but not joint and several, obligation of John L. Martin and the Varick Contracting Company, and that in either case the court erred in directing a verdict for the plaintiff. The defendant further claims that the note is ambiguous on its face; that, although Martin's name is signed to the note, the stamp of the Varick Contracting Company is also there, and Martin's name is inserted in the space evidently intended to hold an officer's signature. The note also reads, "We promise to pay," etc., and this would indicate that it was not the promise of a single individual. Moreover, it appears from the testimony of Mr. Reid, the president of the plaintiff, that he received the note from Martin and saw him sign it, and that his company had no account with Martin personally, but only with the Varick Contracting Company, of which Martin was president.

Under these conditions we think the note was ambiguous, and that it does not appear absolutely to be the personal note of defendant's testator. It follows, therefore, that evidence showing that the note was the company's note, and accepted as such by the plaintiff, would be proper. Such evidence was offered by the defendant and excluded under objection. For instance, after proving the signature of Mr. Reid, who was president of the plaintiff at the time, defendant offered in evidence the following memorandum signed by Mr. Reid:

"June 29.

Mr. Reid wants check for $750 ex int. of which
R. will notify us, and note for 1,000.00 at 3
mos. of V. C. C. to John L. Martin and endorsed
by him to Dunbar Box & Lumber Co. Date note June
29. Mr. R. promises to retire and return V. C.
Co. note for 1750, of July 2.

"June 4/06.

                                "Thos. T. Reid."

This paper was excluded as tending to change the meaning of the note sued upon. As stated above, the note in suit is ambiguous. It was, therefore, error to exclude this memorandum. It shows quite clearly that the president of the plaintiff regarded the note as that of the Varick Contracting Company alone, and that he was looking forward to retiring the note on June 29, 1906, upon a payment of $750 on account and taking a new note of the company, upon which Martin would be personally liable as indorser. The giving of the new note on June 29th was prevented by Martin's death on June 13, 1906.

It may be suggested that Reid had no power to bind the plaintiff by the declarations and admissions in this memorandum. A sufficient answer to that objection is that he was its president, and presumably in charge of these very matters for his company. Under these circumstances we think the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.