20768. TOLLISON-DAVENPORT COMPANY *v.* CARR *et al.*

DECIDED DECEMBER 18, 1930.

*J. P. Highsmith,* for plaintiff.  *Travis & Travis,* for defendants.

LUKE, J.  Tollison-Davenport Company brought an action in the city court of Savannah against A. S. Carr, J. D. Stewart, and The A. S. Carr Company, a corporation, to recover $1076.18, with interest and attorney's fees, evidenced by a joint and several promissory note, payable to the order of the plaintiff, signed, "Appling Turpentine Company, by A. S. Carr," and indorsed, "The A. S. Carr Company, by A. S. Carr." The petition alleges that the several defendants were engaged in business under the trade name of Appling Turpentine Company, and that the defendants were indebted to the plaintiff upon the note.  The defendants A. S. Carr and The A. S. Carr Company, a corporation, filed separate pleas and answers denying that any partnership had ever existed between A. S. Carr, J. D. Stewart, and The A. S. Carr Company, or either of them, operating under the trade name of Appling Turpentine Company.  The defendant Carr denied individual liability on the note in question, and averred that it was executed by him as agent for the Appling Turpentine Company and not as an individual.

Plaintiff's motion to strike the several pleas was overruled by the trial court, and testimony by the defendant Carr in support of the averments of his individual pleas and answer, in which he denied all personal liability, was admitted, over the objection of plaintiff. Exceptions were saved in both these instances, as well as to portions of the judge's charge to the jury.  A verdict was returned against Appling Turpentine Company and The A. S. Carr Company (J. D. Stewart not having been served with process), and in favor of A. S. Carr individually; and judgment was entered on the verdict. The plaintiff made a motion for a new trial upon the usual general grounds.  The single ground of the several exceptions taken by plaintiff, as well as the ground assigned upon its motion for a new trial (which was overruled), is that the defendant Carr was permitted by parol testimony to vary and contradict the terms of the promissory note.

The plaintiff takes the position that the signature to the promissory note of "Appling Turpentine Company, by A. S. Carr," constitutes an individual obligation of A. S. Carr, in the relationship of a partner of the Appling Turpentine Company, as a conclusion

of law, and that he can not be permitted to show a contrary state of facts by oral testimony. But this position is not supported by any of the authorities cited, and is in direct conflict with well-settled and familiar doctrines governing the introduction of oral testimony not for the purpose of varying or contradicting a writtten instrument, but for the purpose of explaining and showing the true nature of the transaction. In our opinion, the trial court in this case properly interpreted and applied the appropriate rules of evidence. It follows, of course, that no error was committed in overruling the motion to strike the defendants' pleas and answers which put in issue the question of partnership and the individual liability of A. S. Carr; nor in the portion of the charge of the court relating to this feature of the case. Our conclusion is that the trial judge did not err in refusing to grant a new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*