12

## 20851. DORSEY v. RANKIN.

STEPHENS, J. 1. The intention of the parties is the prevailing consideration in the construction of contracts. Under some conditions it becomes a question of fact whether a contract executed by an agent in his own name individually is his individual undertaking or is that of his principal acting through him as agent. Civil Code (1910), §§ 3594, 3611. Where it does not appear from the face of the contract whether it is the signer's individual undertaking or is that of his principal acting through him as the principal's agent, it. may, especially where the contract is not executed under seal, be shown extrinsically that the contract is that of the principal, executed for and in his behalf by his agent. *Merchants Bank of Macon* v. *Central Bank of Georgia*, 1 *Ga.* 418 (44 Am. D. 665); *Cleaveland* v. *Stewart*, 3 *Ga.* 283; *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700, 709 (50 S. E. 1008); *Fleming* v. *Hill*, 62 *Ga.* 752; 2 C. J. 674.

2. The expression "agent for" a designated person, following the name in a signature attached to a contract, is merely descriptio personæ, and its presence in the signature does not of itself necessarily render the contract the undertaking of the designated principal, acting by and through the signer as his agent. Where the question as to who is the real contracting party is one of fact which can be extrinsically determined, it may be shown that the person signing a contract in his own name, with descriptive terms of agency after his signature, did so for and in behalf of another as his principal, by and through himself as agent, although his principal may be another and different person from the one indicated as the signer's principal in the descriptive terms attached to his signature.

3. A contract to pay money, not executed under seal, signed by J. R. Smith, who describes himself in the signature as the "agent for owners," where the contracting party is not disclosed on the face of the contract except in so far as this may appear in the signature to the contract, may be shown to be a contract for and in behalf of the partnership of Smith & Rankin, executed by and through J. R. Smith as the agent of the partnership, although the "owners" as described in the signature attached to the contract were persons other than the partnership of Smith & Rankin. The petition in a suit against Marvin S. Rankin as the surviving partner of the partnership of Smith & Rankin, brought by the transferee of the promisee in the contract, set out a cause of action, and the court erred in sustaining the demurrer thereto.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 12, 1931.

*A. R. Dorsey,* for plaintiff.

*Ray Williams, Colquitt, Parker, Troutman & Arkwright,* for defendant.