## 28746. BYERS *v.* HARPER.

SUTTON, J. ■ "The authority of an agent to execute a sealed instrument must itself be under seal, although the instrument may evidence a contract not required by law to be under seal." *Neely* v. *Stevens,* 138 *Ga.* 305 (75 S. E. 159). "Parol evidence is inadmissible to show that the nominal party to a contract under seal was acting as agent for another, either for the purpose of exonerating him from liability or for the purpose of charging his principal, or, as otherwise expressed, a contract under seal may not be turned into a simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof dehors the instrument that the nominal party was acting as agent of another, either for the purpose of charging the principal or to enable his to sue." 22 C. J. 1240, § 1655; *Hollingsworth* v. *Georgia Fruit Growers Inc.,* 185 *Ga.* 873, 876 (196 S. E. 766). One executing a sealed written contract with another is estopped by his seal from asserting that such other party was agent for a third party, for the purpose of showing a breach of the contract by the latter through the alleged agent. *Hollingsworth* v. *Georgia Fruit Growers Inc.,* supra.

■ Where the plaintiff took out an attachment against the defendant, and in aid thereof filed a declaration alleging that the defendant had damaged him by trespassing upon his property, cutting and removing timber therefrom, and otherwise injuring the property, and where the defendant in his answer denied liability and admitted that he had cut a certain quantity of timber, denying that he had damaged the property in other respects claimed by the plaintiff, but set up that the timber he had cut was by virtue of a sealed written contract with another acting as the agent of the plaintiff, and on the trial of the case tendered in evidence the sealed written contract, such instrument was admissible only for

the purpose of laying the foundation for the defendant's contention that the plaintiff had ratified the contract made by the alleged agent, and the defendant was not entitled to assert that such contract itself was binding upon the plaintiff as principal; and the undisputed evidence showing that the plaintiff had title to the timber and that he had not authorized the defendant to cut any of the timber, the act of the defendant in cutting and removing timber from the land of the plaintiff was an actionable trespass. The alleged ratification relied on by the defendant, the purported admission by the plaintiff in a former attachment proceeding against the defendant, that he had received part payment for the timber cut by the defendant, was not binding upon the plaintiff and created no estoppel against him, inasmuch as it was shown by the uncontroverted evidence that such proceeding had not been authorized by him, and that upon learning thereof he had caused the same to be dismissed, and instituted the present action in which he averred and proved that he had not received any benefits from the contract entered into between the defendant and another, and had not appointed the alleged agent to act for him in selling any of the timber.

■ The evidence introduced by the defendant, under his cross-action to recover damages because of the fact that he was not allowed by the person contracting with him for the sale of the timber to cut and remove the total quantity contracted for, was not sufficient to show any right to damages as against the plaintiff by reason of the fact of the execution and delivery to him of the sealed written contract by one not shown to be his agent and whose act was not ratified by the plaintiff. Accordingly, the verdict in favor of the defendant, awarding damages on his cross-action, was not authorized under the law and the evidence, and the court erred in overruling the plaintiff's motion for new trial on the general grounds.

■ Because of the above rulings it is unnecessary to pass upon the assignment of error on the judgment overruling the plaintiff's demurrers to the answer and cross-petition of the defendant, or the special grounds of the motion for new trial.

*Judgment reversed. Stephens. P. J., and Felton, J., concur.*

Decided February 20, 1941.

G. A. Jones, *for plaintiff.*
J. G. Collins, Jack G. Tarpley, *for defendant.*