NIXON, administratrix, *v.* NIXON.

302

No. 14217. JULY 15, 1942.

*Joe M. Lang* and *Wright & Willingham,* for plaintiff.

*Maddox & Griffin,* for defendants.

REID, Chief Justice. ■ There was no demurrer to the cross-petition, no motion to strike it, and no charge in reference to it attacked. The only way its legal sufficiency is challenged is by motion for new trial. This method is not appropriate. *Kelly* v. *Strouse,* 116 *Ga.* 872 (5a), 883 (43 S. E. 280). In *Harbin* v. *Hunt,* 151 *Ga.* 60 (3) (105 S. E. 842), it was held: "The legal sufficiency of the pleadings of the plaintiff can not be called in question by a motion for a new trial, but should be raised by demurrer. If, however, the defendant passes over, without demurring, a petition which does not set forth a cause of action, he may still attack the same on this ground by an oral motion to dismiss the case at any time before verdict; and after verdict, by motion

in arrest of judgment, by direct bill of exceptions, or by motion to set aside the judgment. *Roberts* v. *Keeler,* 111 *Ga.* 181-186 (36 S. E. 617); *Kelly* v. *Strouse* [supra]. . . To hold otherwise would be to allow the defendant to call in question the legal sufficiency of the petition in a motion for new trial." See also *Jones* v. *Harris,* 151 *Ga.* 129 (3) (106 S. E. 555); *Harper* v. *Allen,* 41 *Ga. App.* 736 (154 S. E. 651). These decisions dealt with the sufficiency of the petition, but they are equally applicable to an answer, which in this case is in the nature of a cross-petition. Code, § 81-1001. Thus, on the propriety of pleading set-off in an action of this character, the plaintiff is precluded.

■ The further point is made that the note was not a proper subject-matter of set-off, because the defendants did not have legal title to it at the time suit was instituted, but acquired such title pending the action. "Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." Code, § 20-1302. "A plea of set-off is not good unless it alleges facts showing that the demand against the plaintiff which the defendant therein seeks to set up was in existence and due to the latter by the former at the time his action was begun." *Walters* v. *Eaves,* 105 *Ga.* 584 (3) (32 S. E. 609); *Fuller* v. *Coker,* 24 *Ga. App.* 418, 419 (2 a) (101 S. E. 1); *Meriwether* v. *Bird,* 9 *Ga.* 594 (4). The trial judge took the view that since this is a case in equity the provisions of the Code, § 37-308, should apply. It reads as follows: "As to set-off, equity generally follows the law; but if there shall be an intervening equity not reached by the law, or if the set-off shall be of an equitable nature, the courts of equity shall take jurisdiction to enforce the set-off." The judge said, in his order overruling the motion for new trial: "Under the recital of the executor in assenting to the bequest of this note, he never had more than the mere legal title thereto. The complete beneficial interest was, at all times after the death of the testatrix, in the defendants W. T. Nixon and Miss Maggie Nixon. Plaintiff brought her suit in equity, invoking the aid of a court of equity. . . Plaintiff's intestate owed the debt evidenced by this note in his lifetime. The defendants W. T. Nixon and Miss Maggie Nixon had complete equitable title to this note at the commencement of plaintiff's suit, under the undisputed evidence in my view. They acquired legal title pending the suit and

before trial." He then applied the foregoing Code section considering the set-off to be "of an equitable nature." We have made careful examination of the case of *Nix* v. *Ellis,* 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. R. 111), relied upon by the plaintiff in error and in which the general question concerning the set-off of transferred choses in action is fully discussed; but we do not find that it militates against the views stated by the judge. A will takes effect immediately upon the death of the testator. Code, § 113-105; Redfearn on Wills, etc., 210; *Lumpkin* v. *Patterson,* 170 *Ga.* 94 (152 S. E. 448). The record shows that there were no debts of Mrs. Nixon's estate, and nothing which would in law have prevented the formal assent of the executor at a time before the institution of this suit. So it would seem inequitable to deny set-off on such grounds; and this point is not well taken.

■ The next claim of error rests upon the contention that to allow the judgment against the administratrix "would be to grant a preference to the defendant over other creditors or persons holding claims against the estate of Robert Nixon." The Code, § 81-802, declares: "When a defendant pleads a set-off of a larger amount than the demand of the testator or intestate, the plaintiff may reply by showing that the estate is insolvent, and that there are outstanding debts, of higher dignity than the defendant's set-off, sufficient to exhaust the assets, for the purpose of protecting the executor or administrator from an absolute judgment." The provisions of this section were applied in *Bass* v. *Gobert,* 113 *Ga.* 262 (3) (38 S. E. 834). See *Ray* v. *Dennis,* 5 *Ga.* 357; *Backer* v. *City Bank & Trust Co.,* 180 *Ga.* 672, 675 (180 S. E. 604). There was no such "reply" or affirmative showing and objection made in the present case. Accordingly this does not afford ground for new trial. *Judgment affirmed. All the Justices concur.*