37186. BOWERS *v.* SALITAN *et al.*

DECIDED JULY 11, 1958.

*Preston L. Holland,* for plaintiff in error.

*Wilkinson & Walker, A. Mims Wilkinson, Jr.,* contra.

FELTON, Chief Judge. The notes sued on were all signed as follows: "Bowers Sht. Metal Co." and immediately thereunder was the signature, "C. L. Bowers." The notes were not under seal. The plaintiff contends that as a conclusion of law Bowers Sheet Metal Company and C. L. Bowers were comakers on the notes and that the defendant could not by extrinsic evidence show that he had signed in any capacity other than as comaker. This contention is without merit. "The usual method of signing a corporate contract is for the duly authorized officer or agent to sign the corporate name, adding thereto, after the word 'by' or 'per', his own name and title as officer or agent. Where the name of the corporation is signed to the contract, however, it need not, in the absence of charter or statutory requirement, appear on the face of the instrument by whom the name of the corporation was affixed, nor is the omission of the title of the officer executing it material." 19 C.J.S. 708, Corporations, § 1138. "But according to the generally accepted view, while contracts entered into by the officers or agents of a corporation in their own names are prima facie their personal contracts, even though there is an affix to their names denoting their representative capacity and they are personally liable thereon, still the unquestioned tendency of the courts, where there is anything on the face of the contract to show that it was the intention of the parties to bind the corporation only, is to permit such intention to be shown by parol evidence; and where it is thus shown or

admitted that it was their intention to bind the corporation, and not the officer or agent, the officer or agent will not be held liable thereon even though his name is signed to the contract with or without an affix denoting his official relation." 13 Am. Jur. 995, Corporations, § 1051.

The plaintiff contends that to allow the defendant to introduce the evidence that he signed the notes in his representative capacity would be varying an unambiguous contract, but we do not think that this would be the effect. We think the effect of such testimony would be as stated in *Tollison-Davenport Co.* v. *Carr*, 42 *Ga. App.* 340, 342 (156 S. E. 274) where this court, in answer to a contention similar to the one made here by the plaintiff stated, "But this position is not supported by any of the authorities cited, and is in direct conflict with well-settled and familiar doctrines governing the introduction of oral testimony not for the purpose of varying or contradicting a written instrument, but for the purpose of explaining and showing the true nature of the transaction." This action is between the original parties to the note. In discussing the nature of negotiable instruments as being "couriers without luggage", the Supreme Court in *Burkhalter* v. *Perry & Brown*, 127 *Ga.* 438, 442 (56 S. E. 631, 119 Am. St. R. 343) stated, "But this exception in favor of negotiable instruments itself contains an exception; and that is, as between the immediate parties to a bill or note, it may be shown by parol that the instrument was, to the knowledge of the parties, intended to be the obligation of the principal, and not of the agent, and that it was given and accepted as such."

In the instant case had the defendant been permitted to introduce his evidence he may have shown that the notes were understood to be corporate obligations by both parties, especially in view of the testimony by one of the partner-plaintiffs that the notes sued on were executed as renewals for three original trade acceptances which the plaintiff had purchased from another party. In showing this understanding, if such were the case, the defendant may have shown that these original trade acceptances were corporate obligations and that therefore the notes given in renewal were also intended to be corporate obligations.

We think that the notes contained an ambiguity as to the capacity in which C. L. Bowers signed the notes. In Fricke *v.* Belz (Missouri, 1944), 177 S.W. 2d 702, 706, the note which was the subject of the action in that case was signed as follows: "J. H. Belz Provision Company", and immediately thereunder was the signature "Henry Belz". In holding that parol evidence was admissible to explain in what capacity Henry Belz signed the note, the court stated, "On the note in suit there appear two names without any additional word to the second signature to indicate in what capacity it was signed. One may sign a note in different capacities; he may sign as a comaker, as a surety, as an authorized agent, or as an attesting witness to another signature. If the note on its face clearly shows in what capacity it was signed, then there is no ambiguity which is subject to explanation by parol evidence. If this note had not contained the signature 'J. H. Belz Provision Company' but only the signature 'Henry Belz' then under all the authorities Belz would not be permitted to offer parol evidence that he had signed it in any other capacity than as an individual, and this for the reason that in such case there would be no ambiguity. But an inspection of this note would at once arouse in the mind of any one the question of whether Henry Belz signed as a comaker, or whether he signed in attestation of the signature, 'J. H. Belz Provision Company'."

In Dunbar Box & Lumber Company *v.* Martin, 53 Misc. 312 (103 N.Y.S. 91, 92), the signature on the note was "Varick Contracting Company" and immediately beneath there was inscribed the name "John L. Martin". There the court held, "Under these conditions we think the note was ambiguous, and that it does not appear absolutely to be the personal note of defendant's testator. It follows, therefore, that evidence showing that the note was the company's note, and accepted as such by the plaintiff, would be proper." See also in this connection 42 A.L.R. 1070.

Further, the answer of the defendant to the effect that he signed the notes in his representative capacity as president of the corporation was undemurred to. See *Nixon* v. *Nixon,* 194 *Ga.* 301, 303 (21 S. E. 2d 702).

The court erred in excluding the evidence of the defendant

that he signed the notes in his representative capacity and that the notes were really corporate obligations and not his individual undertaking. The court erred in denying the motion for a new trial.

*Judgment reversed. Nichols, J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. I specially concur in the judgment; however, it is my opinion that the cases of *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.,* 3 *Ga. App.* 212 (4) (59 S. E. 713), *Dilman Brothers* v. *Patterson Produce &c. Co.,* 2 *Ga. App.* 213 (58 S. E. 365), and *Thompson* v. *Wilkinson,* 9 *Ga. App.* 367 (4) (71 S. E. 678) are more directly in point than those cited in the opinion as supporting authority, and it seems well to point out that a different rule is applicable where the instrument is under seal. *Byers* v. *Harper,* 64 *Ga. App.* 404 (1) (13 S. E. 2d 389).