40793. NATIONAL RECORDING CORPORATION v. BAGLEY ELECTRIC COMPANY.

DECIDED SEPTEMBER 8, 1964.

*Haas, Holland, Freeman & Levison, William M. Sinrich,* for plaintiff in error.

*Talley Kirkland,* contra.

NICHOLS, Presiding Judge. ■ The defendant's motion to quash the process on the grounds that the prayer for process was not in accord with the Act of 1946 (Ga. L. 1946, pp. 761, 768; *Code Ann.* § 81-201), and because the process attached to the petition was not prayed for is without merit. Section 11 of the Act of 1951 (Ga. L. 1951, pp. 2401, 2405), creating the Civil Court of DeKalb County (later Civil and Criminal Court of De-Kalb County), provides for the commencement of all actions filed by summons returnable to the first term of such court beginning after a certain number of days. See also *Stein Steel & Supply Co. v. Tate,* 94 Ga. App. 517 (95 SE2d 437). The prayer was for "next term" process and the process served followed such prayer.

■ The defendant filed a plea denominated as a "plea of nonjoinder of party plaintiff." Such plea contends that the "sev-

eral supposed promises and undertakings in the plaintiff's petition mentioned, if any such were made, were, and each of them was, made individually by one W. T. Bagley . . . and said W. T. Bagley is still living, and is a necessary party plaintiff to any action on the contract attached to the plaintiff's petition . . . the said W. T. Bagley is not named in plaintiff's petition . . . wherefore, defendant prays that plaintiff's suit be dismissed, with costs assessed against him."

"Objections to a petition on the grounds of misjoinder or nonjoinder of parties, multifariousness, duplicity, or misjoinder of causes of action, must be raised by special rather than general demurrer. *Hartsfield v. Tremont Baptist Church,* 163 Ga. 557 (3) (136 SE 550); *Roberts v. Burnett,* 164 Ga. 64 (7) (137 SE 773); *Ray v. Pitman,* 119 Ga. 678 (46 SE 849); *Riley v. Royal Arcanum,* 140 Ga. 178 (1, b) (78 SE 803); *Ga. R. &c. Co. v. Tice,* 124 Ga. 459 (52 SE 916, 4 Ann. Cas. 200)." *Shingler v. Shingler,* 184 Ga. 671, 672 (192 SE 824). The motion, while denominated as a "plea of nonjoinder" is in reality a motion to dismiss upon the ground of nonjoinder, and as shown in *Haynes v. Thrift Credit Union,* 192 Ga. 229 (2) (14 SE2d 871): "A motion to dismiss is the equivalent of a general demurrer, and an objection to a petition on the ground of nonjoinder of parties cannot be raised thereby." The trial court did not err in overruling such motion of the defendant.

■ The document attached to the plaintiff's petition showed that the defendant was "invoiced" for the labor and material furnished to the defendant on "8-6-63" and "9-6-63" and that the promise to pay for such "invoiced" labor and material was made on "9-17-63." Obviously, such contract was not for labor and material to be performed but was for the purpose of converting an open account or contract into an "account stated." As to the necessary averments of a petition on an "account stated," see *Martin v. Mayer,* 63 Ga. App. 387, 399 (11 SE2d 218). The grounds of demurrer attacking the petition because it did not set forth a cause of action, because exhibits were surplusage, and because the petition showed no right in the plaintiff to sue are without merit and were properly overruled. While the signature of an individual was shown on the docu-

ment attached to the petition to show the "account stated" was not prefixed by the name of the plaintiff yet it was shown to be an "authorized signature" and the language of the agreement did not show it to be an individual undertaking of the signer. Under decisions exemplified by *Dorsey v. Rankin*, 43 Ga. App. 12 (157 SE 876), and citations the question as to whether the "contract" was the undertaking of W. T. Bagley or Bagley Electric Company was one of fact, and the trial court did not err in overruling the demurrers attacking the petition on the grounds that such exhibits showed the plaintiff had no right to sue.

■ The sole remaining question presented by the defendant's demurrers is whether the allegation in the petition that "plaintiff further shows that within three months from the completion of said contract" the plaintiff filed his lien upon said land and buildings is a conclusion unsupported by facts set forth in the petition. " 'It is evident that the effect of the special demurrer here under consideration was to require the plaintiff in error to plead his evidence. This he is not required to do. "Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need not and should not be set forth in the pleadings." *Lefkoff v. Sicro*, 189 Ga. 554 (10) (6 SE2d 687, 133 A. L. R. 738).' *Tanner v. National Casualty Co.*, 214 Ga. 705 (1b) (107 SE2d 182)." *Midland Properties Co. v. Farmer*, 100 Ga. App. 8, 22 (110 SE2d 100). The trial court did not err in overruling the special demurrer to the allegations of ultimate fact that the lien was filed within three months from the completion of the contract.

*Judgment affirmed. Hall and Russell, JJ., concur.*