### 48564. YARBROUGH & COMPANY v. TRAVIS PRUITT & ASSOCIATES.

QUILLIAN, Judge. Travis Pruitt & Associates filed a verified complaint in the Civil Court of Fulton County seeking to recover the sum of $2,674.30 on an open account from Yarbrough & Co. The defendant filed an unverified answer in the form of a general denial. The case then came on before the trial judge sitting without a jury and judgment was entered in favor of the plaintiff for the full amount sought. *Held:*

The sole question presented by this appeal is whether the evidence sustains the judgment rendered in favor of the plaintiff. The defendant contends that it was a licensed real estate agent and acting as an agent was not liable to the plaintiff for surveys which the plaintiff performed.

Code § 4-406 provides: "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case."

*Chambliss v. Hall,* 113 Ga. App. 96, 99 (147 SE2d 334), sets out in great detail the rules applicable to a situation of this sort: "When an agent in making a contract discloses to the other contracting party that he is acting for a named principal, the principal is responsible and not the agent . . . If the agent would avoid personal liability, the duty is on him to disclose his principal, and the agent is individually liable if he fails to disclose his agency and the identity of his principal. . . Whether or not the fact of the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence. . . And to relieve himself of personal liability the agent ordinarily has the burden of proving by direct or circumstantial evidence the fact of agency as well as knowledge thereof by the opposite party. . .The contract may, depending upon the facts and

circumstances, be impliedly one with the agent in his individual capacity. What was the understanding of both parties is a question of fact to be decided by the jury under the circumstances of each case." (Cits. omitted.)

It is clear that the trier of fact should determine whether the agency was disclosed and whether credit was extended to the agent in his own right or to the principal on whose behalf the agent was acting.

Here, of course, the plaintiff was aware that the defendant was a real estate agent. But the evidence does not conclusively establish the fact that as to this particular transaction the defendant was acting in an agency capacity or as a principal. In short, the evidence here presented clear questions of fact which were determined by the trial judge adversely to the contentions of the defendant. In such circumstances, we find no error in the judgment rendered.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 22, 1973.

*Carnes & White, James A. White, Jr.,* for appellant.

*Webb, Parker, Young & Ferguson, Harold T. Daniel, Jr.,* for appellee.