## 52095. HAAS v. KOSKEY.

ARGUED APRIL 13, 1976 — DECIDED APRIL 22, 1976.

*Dunaway, Haas & Broome, George A. Haas, Henry B. Stringfellow,* for appellant.

*Grogan, Jones, Layfield & Swearingen, L. M. Layfield, Jr.,* for appellee.

DEEN, Presiding Judge.

■ This contract is integrated in that according to its terms it merges and nullifies all previous agreements, represents the sole agreement between the parties, and can be amended only in writing. Haas undertook to assume sole liability for price. Nowhere in the instrument

is there any language from which an inference might be drawn that he was acting as agent for another. Further, it is under seal. Under these circumstances parol evidence is inadmissible to show agency where the purpose of such evidence is to relieve the agent from personal liability, he having thus assumed personal liability.

In the first place, the contract is a sealed instrument and the general "rule as to defenses can have no application where the instrument sued on is a sealed instrument and the principal does not appear to be a party thereto. In 2 AmJur 311, § 395, it is stated that where the contract sued on is under seal, it is not competent to introduce extrinsic evidence to show that the contract was executed on behalf of an undisclosed principal." *Hollingsworth v. Georgia Fruit Growers, Inc.*, 185 Ga. 873, 875 (196 SE 766). See also *Harp v. First Nat. Bank of Reynolds,* 73 Ga. 768 (2) (161 SE 355); *Brega v. CSRA Realty Co.,* 223 Ga. 724 (157 SE2d 738).

Of course, from the defendant's point of view, the alleged principal was not "undisclosed" so far as notice to this plaintiff aliunde the contract is concerned, for she understood that he was acting simply in Peek's behalf. Further, Haas had an obligation to Peek to purchase for him at cost all stock shares he might obtain from Koskey. Our question may then be phrased: May an agent of a disclosed principal who is not a party to an integrated contract defend on the ground that he and one of the other contracting parties, the plaintiff here, understood and agreed that he was acting, not individually, but only as the agent for his principal? *Bostwick Banking Co. v. Arnold,* 227 Ga. 18 (178 SE2d 890), holds the defendant agent to liability in like circumstances on one ground, among others, that in Georgia parol evidence is not admissible to add to or vary the terms of an unambiguous written contract, but this case also involved a promissory note and therefore provisions of the Uniform Commercial Code which have no bearing here. *U. S. Fidelity &c. Co. v. Coastal Service, Inc.,* 103 Ga. App. 133 (118 SE2d 710) states flatly that "[t]he parol evidence rule does not preclude testimony to show that the buyer in a contract was acting as agent for an undisclosed principal where the contract is an ordinary one not under seal." While this in

itself distinguishes the cases, we also note that the defense was on the ground of mistake, and that the contract was merely a bill of sale for a car which contained no such integration clauses as we are dealing with here. It must be restricted to its own facts, and it illustrates those cases involving simple contracts where the agency is disclosed but the principal unnamed in the memorandum and where in fact parol testimony may be admitted for the purpose of relieving the agent of liability. See also to the same effect *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.,* 3 Ga. App. 212 (59 SE 713); *Stubbs & Co. v. Waddell,* 4 Ga. App. 264 (61 SE 145).

Code § 4-406 provides: "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." This is a rule of substantive law. What we are dealing with is how to prove that credit was extended to the principal only, taking into account the parol evidence rule of Code § 20-704(1). In *Garrison v. Piatt,* 113 Ga. App. 94 (147 SE2d 374) the evidence was somewhat different in that the signatory in a contract arising from mutual correspondence was alleged, by the language of his letters and the stationery used, to have assumed individual liability by holding himself out as a partner, which in fact he was not. This represents a case of partially disclosed rather than undisclosed agency. The contract garnered from the correspondence was not under seal and not integrated. The rule allowing parol evidence was correct under the facts of that case, but it is not necessarily of universal application. The same is true in the case of *Yarbrough & Co. v. Travis Pruitt & Associates,* 130 Ga. App. 49 (202 SE2d 227), where a verdict was in fact entered against the defendant claiming an agency defense.

Parol evidence was held admissible in *Dorsey v. Rankin,* 43 Ga. App. 12 (157 SE 876). This was a case of partially disclosed agency; that is, the contract itself was ambiguous as to whether the promisor was acting individually or for his principal, unnamed and designated only as "owner."

An agent of a disclosed principal who has not so acted as to assume individual liability with or instead of his principal is not liable for a breach of contract, but the burden is on him to prove that he was acting for a designated person, that the opposite party had notice of this fact, and that he did not assume individual liability. Where the agent appears to have assumed individual liability, either with or instead of, such a principal, the burden is upon him to show otherwise. In both cases, of course, he must do so by admissible evidence.

"Integrated Contracts. (1) If it appears unambiguously in an integrated contract that the agent is a party or is not a party, extrinsic evidence is not admissible to show a contrary intent, except for the purpose of reforming the contract. . . (3) If the fact of agency does not appear in an integrated contract, an agent who appears to be a party thereto cannot introduce extrinsic evidence to show that he is not a party, except: (a) for the purpose of reforming the contract; or (b) to establish that his name was signed as the business name of the principal and that it was so agreed by the parties." Restatement of the Law 2d, Agency 2d § 323, p. 72.

While there is authority to the effect that parol evidence is admissible to prove that an unnamed party is in fact liable as a principal, on the theory that this does not alter, vary, or contradict the contract, nor does it exonerate the agent, but that it merely superadds the liability of the principal, "[t]he foregoing principles cannot, however, be carried to the extent of varying the express terms of the writing, and it has, accordingly, been held that, if a contract purports to be executed by one in his own behalf, or shows without ambiguity that the one so executing, although an agent, binds himself as principal, parol evidence is inadmissible to show that the agent acted for his principal in making the contract. So, where a contract recites that it represents the entire agreement between the parties, it cannot be shown by extrinsic parol evidence that one of the signatories did not sign, as recited therein, on his own behalf, but signed as agent of another." 32A CJS 501, Evidence, § 991.

The same rule is stated in IX Wigmore on Evidence, (3d Ed.) § 2438, p. 124, where authority is quoted to

support the statement that parol evidence is admissible to show that a written contract executed in the name of the agent is in fact the contract of the principal, whether known or unknown. "Parol evidence, however, is not admissible to discharge the agent, as the party with whom he has dealt has his election as to whether he will hold him or the principal responsible." Id., p. 125. *Candler v. DeGive,* 133 Ga. 486 (66 SE 244) is in accord with this authority. There one J. L. DeGive, identifying himself as president of an association, agreed to pay a set sum on delivery of certain books to the association. The inference was that he assumed personal liability, although the contract was obviously for the benefit of the association, and he was subject to being sued individually, with parol evidence admissible only to determine the intention of the contract as written. Where it appears from the instrument that the alleged agent and not his principal is bound, such entity cannot be held liable. *Latham Plumbing &c. Co. v. Ledbetter Trucks, Inc.,* 96 Ga. App. 219 (99 SE2d 545). This contract obligation was assumed by Haas as an individual, and he is liable thereon. The grant of summary judgment was proper.

■ One who has subscribed and paid for corporate stock is entitled to all the rights and responsibilities of ownership, whether the stock certificates have been issued to him or not. *Ga. Life Ins. Co. v. Bell,* 141 Ga. 502, 507 (80 SE 765); *First Jewelers, Inc. v. Rosen,* 119 Ga. App. 355 (166 SE2d 919); 18 CJS 768, Corporations, § 289. Koskey did not warrant the value of the stock or agree to transfer stock certificates, but merely transferred all of her right, title and interest in 1/3 of the issued and outstanding stock of the corporation, and directed the corporation "to issue directly to Haas all of the shares of T.L.W. to which she has heretofore subscribed." The corporation, a party to the contract, agreed to "issue to Haas a certificate for 1/3 of all of the issued and outstanding shares" which Haas agreed to purchase from Koskey. Failure to do so was a breach on the part of the corporation, not Koskey, but it was not such a breach as affected Haas' proprietary rights or interest in the corporation. The defense of failure of consideration is not available to him as against Koskey.

*Judgment affirmed. Quillian and Webb, JJ., concur.*