## 54180. EVANS v. SMITHDEAL.

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 22, 1977.

*Stanley C. Coker,* for appellant.
*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellee.

QUILLIAN, Presiding Judge.

1. The lease contract denominated the lessee as "Texas International Enterprises, Sam Evans, principal owner" and was executed "Texas International Enterprises by Sam Evans, prin."

Counsel for appellee has propounded the unquestioned rule that parol evidence cannot be received to contradict, vary or materially affect, by way of explanation, a written contract. *Rogers v. Atkinson,* 1 Ga. 12, 20; *Lyon v. Patterson,* 138 Ga. App. 816 (227 SE2d 423). Moreover, under Code § 4-401 "an instrument signed by one as agent, trustee . . . or the like, without more, shall be the individual undertaking of the maker, such words being generally words of description."

Like all general rules, however, there are exceptions and qualifications. With regard to Code § 4-401, while it is the general rule that a signature with the added word "administrator" or "executor" will ordinarily be treated as that of one in his individual capacity, the added word being generally merely descriptio personae, this is not an inflexible rule where the context makes it clear that it is signed in representative capacity although the added word is not as administrator or as executor. *Fisher v. Pair,* 69 Ga. App. 492, 499 (26 SE2d 187). Furthermore, where a note is payable to R, as executor of a named estate, parol evidence is admissible to show the real interest is in the estate. *Kennedy v. Gelders,* 7 Ga. App. 241 (1) (66 SE 620).

Parol is admissible to explain an ambiguity in a writing. Code § 38-502. Where there is a written contract, not under seal and not containing a so-called integration

or "entire agreement" clause, parol is admissible to show the capacity in which one signed such agreement. *Tollison-Davenport Co. v. Carr,* 42 Ga. App. 340 (156 SE 274); *Dorsey v. Rankin,* 43 Ga. App. 12 (157 SE 876); *Bowers v. Salitan,* 97 Ga. App. 877 (104 SE2d 667); *National Recording Corp. v. Bagley Elec. Co.,* 110 Ga. App. 219 (3) (138 SE2d 198).

"Parol evidence to show the capacity in which a person signed an instrument is admissible; it does not contradict the writing but simply explains the transaction." *Maxwell v. Tucker,* 118 Ga. App. 695, 697 (2) (165 SE2d 459). Compare with *Haas v. Koskey,* 138 Ga. App. 448 (226 SE2d 279) involving an integrated contract.

In *Chambliss v. Hall,* 113 Ga. App. 96, 99, 100 (147 SE2d 334), this court in discussing Code § 4-406 held: "When an agent in making a contract discloses to the other contracting party that he is acting for a named principal, the principal is responsible and not the agent... What was the understanding of both parties is a question of fact to be decided by the jury under the circumstances of each case." Accord, *Yarbrough & Co. v. Travis Pruitt & Associates,* 130 Ga. App. 49 (202 SE2d 227).

"The form in which the agent acts is immaterial; if the principal's name is disclosed, and the agent professes to act for him, it will be held to be the act of the principal." Code § 4-304. In *Raleigh &c. R. Co. v. Pullman Co.,* 122 Ga. 700 (9) (50 SE 1008), the Supreme Court held that where "general manager" was added after a person's signature, the contract was not an individual undertaking, if it appeared, on the face of the instrument or from extrinsic evidence, to have been made on behalf of another. See *Phinizy v. Bush,* 129 Ga. 479, 492 (59 SE 259).

The instant case also involves a problem of whether there was a nonexistent principal within the meaning of Code § 4-410 (Ga. L. 1955, pp. 346, 347) in which eventuality the contract is void and the agent renders himself individually liable. *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300 (3) (145 SE2d 294). The trial judge found that since T.I.E. was not qualified to do business in Georgia it had no legal status here. This was

error.

Code Ann. § 22-1401 et seq. (Ga. L. 1968, p. 565) proscribes the transaction of business by a foreign corporation without a certificate of authority subject to numerous exceptions in Code Ann. § 22-1401 (b) (Ga. L. 1968, pp. 565, 707; 1969, pp. 152, 201). There are also certain penalties imposed, see Code Ann. § 22-1421 (Ga. L. 1968, pp. 565, 722; 1969, pp. 152, 196, 197), and the corporation may not maintain a suit in this state while it is not certified though it is not prevented from defending an action brought against it.

In brief, the law denies it certain rights and privileges but does not deny its *existence*. Hence, the fact that T.I.E. was unauthorized within the meaning of the Georgia Business Corporation Code would not mean that the defendant was acting for a nonexistent principal.

In the case sub judice the language used to describe the lessee does not square with the terms found to be only descriptio personae under Code § 4-401. Instead, "Texas International Enterprises, Sam Evans, principal owner" is patently ambiguous. Thus, parol evidence was admissible to explain the capacity in which the defendant signed and it was error to exclude such evidence.

2. Since the case must be retried we find that the evidence as to notice of attorney fees was sufficient and the trial judge's ruling in this regard was not clearly erroneous under CPA § 52 (Code Ann. § 81A-152; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

*Judgment reversed. Shulman and Banke, JJ., concur.*