## 58467. DUNDON v. FOREHAND.

QUILLIAN, Presiding Judge.

On the plaintiff's action seeking to recover under the terms of a lease agreement, the trial judge granted summary judgment for the plaintiff. *Held:*

1. (a) The principal issue presented is whether the defendant signed the lease in an individual capacity or as agent for a corporation. Under the heading "parties" the lease read: "D. A. Collins Refractories hereinafter referred to as 'Tenant.'" The instrument concluded: "In Witness Whereof, Landlord and Tenant have hereunto set their hands and seals in duplicate this the year and day first above written." The defendant signed as follows:

"Warren A. Dundon, Jr. (L.S.)
_____
D. A. Collins Refract. Tenant"

According to the applicable cases, the contract was under seal. *Johnson v. International Agricultural Corp.,*

41 Ga. App. 740 (154 SE 465); *Marshall v. Walker,* 50 Ga. App. 551 (1, 2) (178 SE 760); *Barnes v. Walker & Co.,* 115 Ga. 108 (41 SE 243). It is a well settled rule that where the language in an instrument is ambiguous, parol evidence is admissible to explain the capacity in which one signed the agreement. *Dorsey v. Rankin,* 43 Ga. App. 12 (1) (157 SE 876); *Bowers v. Salitan,* 97 Ga. App. 877 (104 SE2d 667); *National Recording Corp. v. Bagley Elec. Co.,* 110 Ga. App. 219 (3) (138 SE2d 198); *Evans v. Smithdeal,* 143 Ga. App. 287, 290 (238 SE2d 278). These cases, as well as others, have emphasized that a different rule applies where there is an instrument under seal. See *Byers v. Harper,* 64 Ga. App. 404 (13 SE2d 389); *Lynch v. Poole,* 138 Ga. 303 (75 SE 158); *Neely & Co. v. Stevens,* 138 Ga. 305 (75 SE 159); *United Leather Co. v. Proudfit,* 151 Ga. 403, 405 (107 SE 327).

The basis for the distinction has been predicated on the rationale: "'The authority of an agent to execute a sealed instrument must itself be under seal, although the instrument may evidence a contract not required by law to be under seal.' [Cit.] 'Parol evidence is inadmissible to show that the nominal party to a contract under seal was acting as agent for another, either for the purpose of exonerating him from liability or for the purpose of charging his principal, or, as otherwise expressed, a contract under seal may not be turned into a simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof dehors the instrument that the nominal party was acting as agent of another, either for the purpose of charging the principal or to enable him to sue.'" *Byers v. Harper,* 64 Ga. App. 404 (1), supra. However, the Supreme Court in construing Code § 4-105 has recently held that an agent acting on behalf of a corporation may execute an instrument under seal without concomitant authority under seal. As stated in *Whiteway Neon-Ad v. Opportunities Industrialization Center of Atlanta* 243 Ga. 114, 116 (252 SE2d 604): "When empowered by corporate authority corporate agents are not required to have sealed authorization to enable them to execute sealed instruments on behalf of the corporation."

Moreover, in those cases which made a distinction between sealed and unsealed instruments as to the

introduction of extrinsic evidence the situation was invariably one in which the principal's name did not appear. A very comprehensive discussion of this factor is found in the landmark case of *Hollingsworth v. Ga. Fruit Growers,* 185 Ga. 873, 876 (196 SE 766) where the court pronounced the maxim " 'that upon sealed instruments no one can sue or be sued who does not appear on the face of the instrument to be a party to it.'"

In the case sub judice the name of the purported principal appears in the instrument and in the signature. Thus, even though the instrument be under seal, there is a valid basis for permitting the introduction of parol evidence to establish the capacity in which the defendant signed.

The defendant, by affidavit, related that D. A. Collins Refractories is a Georgia business corporation formed in 1966 and that in entering into the contract and in all dealings with the plaintiff he acted as an agent for the corporation. The plaintiff contends he dealt with defendant as an individual, trading as D. A. Collins Refractories. Plaintiff further urges that defendant was acting for a nonexistent principal because D. A. Collins Refractories cannot be a corporation since its name does not include the word "corporation, company, incorporated or limited" or an abbreviation thereof as required by Code Ann. § 22-301 (a)(1) (Ga. L. 1968, pp. 565, 578; 1977, pp. 324, 325). What this argument overlooks is Code Ann. § 22-301 (b) (2) which provides: "Nothing in this section shall: Require any corporation existing on the effective date of this Code [Chapters 22-1 through 22-20] to add to, modify or otherwise change its corporate name." Code Ann. § 22-301, enacted in 1968, would not be applicable to a corporation formed in 1966.

The plaintiff, as movant for summary judgment, failed to carry the burden of establishing as a matter of law that the defendant signed in an individual capacity.

(b) The trial judge awarded the plaintiff $750 whereas his amended pleadings only sought $690. The plaintiff concedes this to be error. For this further reason, the judgment is reversed.

2. There is no merit to the defendant's assertion that summary judgment should have been granted to him.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED NOVEMBER 16, 1979 — REHEARING DENIED DECEMBER 7, 1979.

*Robert M. Ray, Jr.,* for appellant.
*Richard J. Harris,* for appellee.